**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

GARY JOHN FRANCIONE,
MARIE DANIELLA SLUTSKY,

        Plaintiffs,

v.

RUSSO'S PIZZA TIME, INC.,
JOE RUSSO,

        Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiffs, GARY JOHN FRANCIONE ("Francione") and MARIE DANIELLA SLUTSKY ("Slutsky"), bring this action against Defendants, RUSSO'S PIZZA TIME, INC. ("Pizza Time") and JOE RUSSO ("Russo"), and allege as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs were residents of Florida and "employees" of Defendants as defined by the FLSA.

3. Russo is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Pizza Time, ran the day-to-day operations and had operational control over Pizza Time, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

4. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

5. Upon information and belief, Pizza Time's gross sales or business done was in excess of $500,000 per year at all times material hereto.

6. Pizza Time was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

7. Francione worked for Defendants as a pizza maker.

8. Slutsky worked for Defendants as a cashier.

9. Defendants failed to pay Francione's full and proper overtime wages.

10. Defendants failed to pay Slutsky's full and proper overtime wages.

11. Defendants knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

12. Attached as **Exhibit A** is a preliminary calculation of Francione's claims. These amounts may change as Plaintiffs engage in the discovery process.

13. Attached as **Exhibit B** is a preliminary calculation of Slutsky's claims. These amounts may change as Plaintiffs engage in the discovery process.

14. Plaintiffs retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

15. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:    (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

*/s/ Elliot A. Kozolchyk*

Elliot Kozolchyk, Esq.
Bar No.: 74791